TROUTMAN SANDERS LLP
Valerie Sirota
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6067
*Attorneys for Defendant Anthem Blue*
*Cross of California d/b/a Anthem Blue Cross*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PRESTIGE INSTITUTE FOR PLASTIC SURGERY, P.C. and KEITH M. BLECHMAN, M.D., P.C., on behalf of PATIENT HG, <br><br> *Plaintiffs*, <br><br> v. <br><br> KEYSTONE HEALTHPLAN EAST, BLUE CROSS OF CALIFORNIA d/b/a ANTHEM BLUE CROSS, and SIEMENS CORPORATION GROUP INSURANCE AND FLEXIBLE BENEFITS PROGRAM, <br><br> *Defendants*. | Civil Action No. 2:20-cv-00496-KM-ESK |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BLUE CROSS OF CALIFORNIA d/b/a ANTHEM BLUE CROSS'S MOTION TO DISMISS THE AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT .................................................................................. 1

ARGUMENT ............................................................................................................... 2

I.    THE PLAN'S CONTROLLING ANTI-ASSIGNMENT PROVISION DIVESTS PLAINTIFFS OF STANDING TO PURSUE THEIR ERISA CLAIMS ......................... 2

    A.    Plaintiffs Do Not Meet Any Exception to The Plan's Anti-Assignment Provision ........................................................................ 2

    B.    Plaintiffs' Alternative Reliance on the POA Does Not Cure Their Lack of Standing ................................................................................ 3

    C.    Plaintiffs' Alternative Reliance on the "Authorized Representative" Does Not Cure Its Lack of Standing ................................................ 5

    D.    Plaintiffs Are Not Proper Beneficiaries Under the Plan ........................................ 7

II.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER § 502 (a)(1)(B) BECAUSE THEY DO NOT SUFFICIENTLY TIE THEIR CLAIMS TO THE PLAN .................... 7

III.    PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO FURTHER AMEND ......... 9

CONCLUSION ............................................................................................................. 9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*
 99 F. Supp. 3d 1110 (C.D. Cal. 2015) ....................................................................5

*American Orthopedics & Sports Med. v. Independence Blue Cross Blue Shield*,
 890 F.3d 445 (3d Cir. 2018)...................................................................................4

*Kanter v. Barella*,
 489 F.3d 170 (3d Cir. 2007).....................................................................................9

*Lemoine v. Empire Blue Cross Blue Shield*,
 No. 16-cv-6786 (JMV), 2018 U.S. Dist. LEXIS 62535 (D.N.J. Apr. 12, 2018)
 (Vazquez, J.) .......................................................................................................8

*Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice Hmo, Inc.*,
 No. 13-cv-6551, 2016 WL 2939164 (S.D.N.Y. May 19, 2016) ................................6

*Prof'l Orthopedic Associates, PA v. Excellus Blue Cross Blue Shield*,
 No. 14-6950, 2015 WL 4387981 (D.N.J. July 15, 2015) ........................................6

*Shah v. Horizon Blue Cross Blue Shield of N.J.*,
 No. 17-632, 2018 WL 6617830 (D.N.J. Dec. 18, 2018).........................................7

*Somerset Orthopedic Associates v. Horizon Healthcare Services, Inc., et al.*,
 2:19-cv-08783-JMV-JAD (D.N.J. Apr. 27, 2020) (Vazquez, J.) (April 27,
 2020) ..............................................................................................................4, 5

**Statutes, Rules and Other Authorities**

20 Pa. C.S.A. § 5601(b), (c) & (d)....................................................................................3

ERISA § 502(a)(1)(B)..............................................................................................3, 5, 8

N.J.S.A. 46:2B-8.9........................................................................................................3

29 C.F.R. 2560.503-1(b)(4) ...........................................................................................5

This Reply Memorandum of Law is respectfully submitted on behalf of Defendant Blue Cross Of California d/b/a Anthem Blue Cross ("Anthem") in further support of its Motion to Dismiss the Amended Complaint (the "Motion to Dismiss") of Plaintiffs Prestige Institute for Plastic Surgery, P.C. ("Prestige") and Keith M. Blechman, M.D. P.C. ("Dr. Blechman") on behalf of patient HG, (collectively, "Plaintiffs"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT

Plaintiffs' Opposition ("Opp.") is comprised of references to inapposite and unpersuasive case law, and at bottom, only reiterates the conclusory and formulaic allegations in the Amended Complaint[1]. Ultimately, the Amended Complaint fails to state a cognizable claim under ERISA for several reasons:

*First*, despite Plaintiffs' efforts to skirt the Plan's anti-assignment provision, the plain language of the anti-assignment provisions bar Plaintiffs from asserting derivative standing to bring this lawsuit. Plaintiffs' circuitous arguments regarding its purported "Power of Attorney," "Authorized Representative" and "Beneficiary" statuses fail to revive their standing.

*Second*, the Amended Complaint fails to state a claim under ERISA because it does not sufficiently tie Plaintiffs' demand for additional reimbursement to any specific Plan term.

For the reasons set forth herein, Plaintiffs' Amended Complaint should be dismissed in its entirety and with prejudice, as Plaintiffs' claims are incurable by amendment.

---

[1]     The capitalized terms herein shall have the same meaning ascribed to them in the Moving Brief.

## ARGUMENT

I.   **THE PLAN'S CONTROLLING ANTI-ASSIGNMENT PROVISION DIVESTS PLAINTIFFS OF STANDING TO PURSUE THEIR ERISA CLAIMS**

A.   **Plaintiffs Do Not Meet Any Exception to The Plan's Anti-Assignment Provision.**

Plaintiffs recognize that anti-assignment provisions are enforceable to bar providers, such as themselves, from asserting standing under ERISA.  Opp. p. 9.  As a result, Plaintiffs attempt to escape this damning reality by arguing that they meet a narrow exception to the anti-assignment provision in the Patient's Plan, and therefore have standing to pursue their ERISA claim. Despite Plaintiffs' optimistic interpretation of the Plan, however, the anti-assignment provision does not permit out-of-network providers, such as Plaintiffs, to receive an assignment of benefits from the patient.   As set forth in the initial moving submission, the full language of the anti-assignment provision states:

> Any assignment of benefits, even if assignment includes the providers right to receive payment, is generally void. However, there are certain situations in which an assignment of benefits is permitted. For example, if you go to a *participating provider* that is a *hospital* or facility at which, or as a result of which, you receive covered non-*emergency services* from a *non-participating provider* such as a radiologist, anesthesiologist, or pathologist, an assignment of benefits to such *non-participating provider* will be permitted. Any payments for the assigned benefits fulfill our obligation to you for those services.

Moving Br., p. 5; *see also* Schultz Decl., Ex. A, p. 131 (emphasis in original).  In their continued attempt to manufacture standing, Plaintiffs claim that the anti-assignment provision does not apply because the Patient underwent treatment at an in-network hospital and therefore, the fact that Plaintiffs, *i.e.* the providers, are out-of-network is inconsequential with regards to the assignment of benefits. Plaintiffs' self-serving reading of the anti-assignment provision, however, is unavailing. The exception to the anti-assignment provision was created to protect patients from surprise bills for services performed by member(s) of the in-network providers' team (*e.g.*, the radiologist, anesthesiologist, or pathologist, etc.) who happened to be out-of-network.   The

exception was not created to enable out-of-network providers to reap additional benefits by taking advantage of a third-party's (*i.e.* the in-network hospitals') contractual arrangement.  Here, the Patient solicited and received non-emergency surgical services from Plaintiffs, knowing full well that Plaintiffs were out-of-network.  Plaintiffs were not unselected members of the "surgical team" – they *were* the surgical team.  Plaintiffs' out-of-network status was not a surprise to the Patient who chose them for her surgeries, unlike a radiologist or an anesthesiologist, who may be asked to assist during a procedure rather than be selected by the patient pre-surgery.  The carve out in the Plan's anti-assignment provision is inapplicable to Plaintiffs, and thus their purported assignment fails to give them standing necessary to assert ERISA claims.

Accordingly, Plaintiffs fails to state a cause of action premised on derivative standing under ERISA § 502(a)(1)(B) and the Amended Complaint should be dismissed in its entirety and with prejudice.

### B.    Plaintiffs' Alternative Reliance on the POA Does Not Cure Their Lack of Standing.

The Amended Complaint fails to properly allege that the Patient executed Powers of Attorney. Under New Jersey law, a power of attorney must be in writing, duly signed and acknowledged by a notary or other suitable officer.  *See* N.J.S.A. 46:2B-8.9.  While Plaintiffs allege that they bring this lawsuit "on behalf of" the patient, nowhere in the Amended Complaint do they allege that they have valid powers of attorney. Furthermore, under the Revised Durable Power of Attorney Act, only an *individual or qualified bank* may be designated as an attorney-in-fact. As such, even if the Patient did execute a POA to Plaintiff Prestige, it would be ineffective to assert standing.

Despite their failure to plead the existence of valid POAs, Plaintiffs nonetheless push forward by claiming that the Third Circuit's decision in *American Orthopedics* supports their

allegation of standing.  In the closing pages of its opinion, however, the Third Circuit commented that while unambiguous anti-assignment clauses foreclose third-party derivative standing as an "assignee," a third-party may, ***in appropriate circumstances***, prosecute an action for benefits through a valid, duly-executed power of attorney.  *See American Orthopedics & Sports Med. v. Independence Blue Cross Blue Shield*, 890 F.3d 445, 454-455 (3d Cir. 2018).  The "health care contexts" cited by the Third Circuit contemplate a reserve Marine called to active duty overseas, or an elderly parent suffering from Alzheimer's disease, appointing a POA.  In fact, Plaintiffs' erroneous interpretation of *American Orthopedic* was dispelled just a couple of days ago in *Somerset Orthopedic Associates v. Horizon Healthcare Services, Inc., et al.*, 2:19-cv-08783-JMV-JAD, at *16 (D.N.J. Apr. 27, 2020) (Vazquez, J.)  (April 27, 2020), where the court held that the fact pattern of this case simply does not line up with the scenarios contemplated by the Third Circuit.  The *Somerset* court held that the circumstances considered by *American Orthopedics* where a person typically authorizes a POA (i.e., "while the person is incapacitated or unavailable") are distinguishable from a situation where, as here, a medical provider is seeking payment for services rendered.  *Id.* Fn. 10.

Here, Plaintiffs are a pair of non-participating medical providers who seek to maximize their profits for their own self-benefit.  Despite Plaintiffs' inclusion of patient in the caption, Plaintiffs are not asserting claims in a representative capacity, or "on behalf" of the Patient.  *See* Am. Compl., *generally*.  Indeed, the Amended Complaint does not reference any injury or harm that the Patient is alleged to have sustained, other than the recognition that it is the financial responsibility of the patient to pay Plaintiffs for their services.  *Id*. Anthem maintains that if Plaintiffs have elected not to balance bill their patients, thereby absolving the patients of any further financial liability, **then the patients do not need an "attorney-in-fact" to *do* anything**

**on their behalves** – which is not a comment on whether or not patients might generally have any injuries-in-fact to redress.  The stark reality is this: Plaintiffs are acting for their own financial interests.  The judgment they seek reflects damages which Plaintiffs claim that they (not the Patients) have suffered.  Specifically, the damages reflect Plaintiffs' requested compensation for the Services they provided.  *See* Am. Compl., *generally*.  Moreover, as recently confirmed in *Somerset*, Plaintiffs cannot be "attorneys-in-fact because they are neither individuals nor banking institutions" and because "Plaintiffs cannot be attorneys-in-fact, as a matter of law, the POAs Plaintiffs use here do not convey Plaintiffs standing to assert claims on any patient's behalf." *Somerset*, *15-16 (dismissing Plaintiffs claims due to lack of standing).

Accordingly, for the foregoing reasons, the Court should dismiss the Amended Complaint as against Anthem in its entirety and with prejudice as Plaintiffs lack standing.

### C.    Plaintiffs' Alternative Reliance on the "Authorized Representative" Does Not Cure Its Lack of Standing.

In both the Amended Complaint and in opposing the Motion to Dismiss, Plaintiffs obstinately allege that they maintain standing under ERISA due to the Patient's designation of Plaintiffs as "Authorized Representatives," as provided by 29 C.F.R. 2560.503-1(b)(4). *See* Am. Compl., ¶¶ 60-61; *see also* Opp., pp. 11-15.  In advancing the Authorized Representative argument, Plaintiffs fail to cite to any case law to support its contention that an authorized representative is entitled to pursue remedies under ERISA 502(a)(1)(B).   Instead, Plaintiffs rely on *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.* 99 F. Supp. 3d 1110, 1143 (C.D. Cal. 2015) for the proposition that an Authorized Representative may sue "on behalf of" a patient and cites numerous cases demonstrating that assignees, *not authorized representatives,* may bring claims under ERISA. Plaintiffs' Opp. also argues that this case is distinguishable from *Mbody*, in which this Court flatly rejected a medical providers' attempt to use a designation as Authorized

Representative to override a valid anti-assignment provision, because there, unlike here, the provider "failed to explain how their purported status as authorized representatives…is distinguishable from their theory that they are proper assignees."  *See* Opp., FN 7; *Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice Hmo, Inc.*, No. 13-cv-6551, 2016 WL 2939164, at *6 (S.D.N.Y. May 19, 2016).  However, on the following pages of Plaintiffs' Opp., Plaintiffs argue that "[t]he Court should treat the Designation of Authorized Representative the same under Third Circuit law as an assignment...for purposes of recognizing standing under ERISA." *Id.,* p. 12.

Clearly, by Plaintiffs' own analysis, the Authorized Representative argument is nothing more than a transparent work-around of the anti-assignment provision in an attempt to manufacture standing. Plaintiffs offer no reason for this Court to deviate from the precedent set in *Mbody* and *Prof'l Ortho,* rejecting the Authorized Representative argument in its entirety. *See Mbody,* at *6; *Prof'l Orthopedic Associates, PA v. Excellus Blue Cross Blue Shield*, No. 14-6950, 2015 WL 4387981 (D.N.J. July 15, 2015).

In addition, Plaintiffs allege in the Opp. that ERISA permits Authorized Representatives to bring claims for reimbursement "*on behalf of the claimant.*" *See* Opp., p. 11. However, here, Plaintiffs are not asserting claims in a representative capacity or "on behalf" of the Patient.  *See* Am. Compl., *generally*.  As previously reiterated, if Plaintiffs have elected not to balance bill the Patient, which is implied in the Amended Complaint (and certainly there is no allegation in the FAC that the Patient has been billed directly by Plaintiff), then the Patient has no injuries and no claims under the Plan.  Therefore, it logically follows that the Patient does not need an "Authorized Representative" to *do* anything on her behalf.

In short, the allegations in the Amended Complaint are clear: Plaintiffs are only acting for their own self-interest.  This case is just the latest effort by out-of-network doctors, such as Plaintiff, to recover additional compensation for their services.  *See Shah v. Horizon Blue Cross Blue Shield of N.J.*, No. 17-632, 2018 WL 6617830, at * 5 n.5 (D.N.J. Dec. 18, 2018) (rejecting "the intimation that Plaintiff is some kind of Hippocratic Robin Hood seeking to vindicate the interests of poor patients against rich insurance companies. Plaintiff's interests are clear – receiving as much money as he can for his services.").

Accordingly, Plaintiffs' purported standing as "Authorized Representative" is unavailing and Plaintiffs fail to state a claim.  For the foregoing reasons, the Amended Complaint should be dismissed in its entirety and with prejudice as against Anthem.

### D.    Plaintiffs Are Not Proper Beneficiaries Under the Plan.

Plaintiffs argue that they have standing as "beneficiaries" of the Patient's rights to benefits under the Plan because "the language in the Assignment/Designation of Authorized Representative" conveys "all benefit and non-benefit rights under Patient HG's health insurance policy." Opp. p. 16.   This illogical and unsupported argument is yet another transparent attempt to circumvent the Plan's anti-assignment provision to manufacture standing.  Plaintiffs' theory rests entirely on the language of the purported Assignment/Designation of Authorized Representative, which was clearly addressed by Anthem in its initial moving submission and again addressed herein.

For the foregoing reasons, the Amended Complaint should be dismissed in its entirety and with prejudice as against Anthem.

## II.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER § 502 (a)(1)(B) BECAUSE THEY DO NOT SUFFICIENTLY TIE THEIR CLAIMS TO THE PLAN

Even if the Court determines that Plaintiffs have derivative or statutory standing (*which*

*they do not*), Plaintiffs' claims under § 502(a)(1)(B) of ERISA are subject to dismissal because the Amended Complaint fails to allege the **"what, how, and when"** details of the alleged ERISA plan violations.  Anthem's moving brief cites a plethora of cases where this Circuit has repeatedly dismissed ERISA claims when the complaint, like here, fails to identify any provision in the plan entitling the provider to additional reimbursement.  Moving Br., pp. 12-16.  In their Opposition, Plaintiffs do not dispute that in order to recover under § 502(a)(1)(B), a plan participant or beneficiary must show that he/she is due benefits "under the terms of [the] plan."  Plaintiffs claim, in fact, that the Amended Complaint sufficiently ties the alleged violations of ERISA § 502(a)(1)(B) to the plan terms.  Opp. pp. 18-21.  The pleading requirements necessary to state a claim for additional benefits under ERISA are clear, and have been outlined in recent decisions from this Court.  *See Lemoine v. Empire Blue Cross Blue Shield*, No. 16-cv-6786 (JMV), 2018 U.S. Dist. LEXIS 62535, at *16 (D.N.J. Apr. 12, 2018) (Vazquez, J.) (dismissing complaint for failing to identify "*which actual portions of the plans were violated**, when they were violated, or how they were violated***") (emphasis added).  In the instant matter, notwithstanding Plaintiffs' nominal references to the Patient's plan, Plaintiffs fail to identify, with sufficient facts, that they are plausibly entitled to relief *under the plan*.

Despite citing to some pages of the Plan in its Opp., Plaintiffs do not allege anywhere *which* specific provisions of the Plan were violated, *how* these provisions were violated, *when* they were violated, and *how* Plaintiffs calculated the amount they claim to be owed under these specific provisions.  Opp., pp. 18-19.  For example, Plaintiffs vaguely claim that they were reimbursed at out-of-network rates, not out-of-area rates, yet provide no details as to how and why they conclude that they were underpaid or paid incorrectly under the Plan.  Plaintiffs' repeated attempts to use the WHCRA to justify recovery of its billed charges is unavailing as Plaintiffs fail to point to a

single case whereby an out-of-network provider was legally entitled to its billed charges simply because the breast reconstruction surgery was incident to a mastectomy.

At bottom, Plaintiffs only state in conclusory terms that they have been underpaid, citing to portions of the plan without demonstrating how these provisions would actually entitle them to relief.  Thus, contrary to Plaintiffs' statements in the Opp., they have not sufficiently identified the underlying portions of the plan that were violated.  The fact that Plaintiffs merely point to page numbers in the plan and state in conclusory terms that they have been underpaid is not enough and thus, dismissal is appropriate.

For the foregoing reasons, the Amended Complaint should be dismissed in its entirety and with prejudice.

## III.   PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO FURTHER AMEND

For the foregoing reasons, Plaintiffs have not, and cannot, state a valid ERISA claim against Anthem.  The Court should therefore dismiss the Amended Complaint with prejudice as further amendment is futile.  *See Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007) (internal citations omitted) ("Where an amended pleading would be futile, that alone is sufficient ground to deny leave to amend.").

## <u>CONCLUSION</u>

For the reasons set forth herein and in its initial moving submission, Defendant Blue Cross of California d/b/a Anthem Blue Cross respectfully requests that its Motion to Dismiss be granted in all respects, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
        May 4, 2020

Respectfully submitted,

TROUTMAN SANDERS LLP

By: */s/ Valerie Sirota*
    Valerie Sirota, Esq.
    875 Third Avenue
    New York, NY  10022
    212.704.6067
    Valerie.Sirota@troutman.com

*Attorneys for Defendant Attorneys for Defendant*
*Blue Cross of California d/b/a Anthem Blue Cross*