**In the UNITED STATES DISTRICT COURT
for the DISTRICT of NEW JERSEY**

| | | |
|---|---|---|
| PRESTIGE INSTITUTE FOR | : | |
| PLASTIC SURGERY, P.C. | : | |
|    and | : | **CIVIL ACTION** |
| KEITH M. BLECHMAN , M.D., P.C. | : | |
|    on behalf of PATIENT HG | : | **NO. 20-CV-00496-KM-ESK** |
|            *Plaintiffs* | : | |
|    v. | : | |
| KEYSTONE HEALTH PLAN EAST | : | |
|    and | : | |
| BLUE CROSS OF CALIFORNIA | : | |
| dba ANTHEM BLUE CROSS | : | |
|           *Defendants* | : | |

**REPLY MEMORANDUM OF DEFENDANT,
KEYSTONE HEALTH PLAN EAST[1]
IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)**

Gerald J. Dugan, Esquire
Dugan, Brinkmann, Maginnis and Pace
gjdugan@dbmplaw.com
Suite 1400
1880 John F. Kennedy Blvd.
Philadelphia, PA 19103
215-563-3500
Attorneys for Defendant,
Keystone Health Plan East, Inc.

---

[1] The correct corporate name of Keystone is Keystone Health Plan East, Inc.

**TABLE OF CONTENTS**

I.      Keystone Is Not a Proper Party Defendant.......................................................1

II.     No Claim Is Stated Pursuant to the Women's Health and
        Cancer Rights Act.............................................................................................3

III.    Conclusion and Relief Requested......................................................................5

## TABLE OF AUTHORITIES

<u>Statutes</u>

29 U.S.C. § 1002..................................................................................................................1

29 U.S.C. § 1132..................................................................................................................1

29 U.S.C. § 1185b..............................................................................................................3-5

## I.     Keystone Is Not a Proper Party Defendant

29 U.S.C. § 1132(a)(1)(B) provides that a participant or beneficiary may bring an action to recover benefits, enforce rights or clarify future rights under the plan.  Section 1132 does not specify the persons or entities that may properly be defendants in such an action.  However, in the forty-five plus years that ERISA has been in existence, those who may be subject to suit under section 1132 can generally be grouped into a number of different categories – the plan, the plan administrator, the plan sponsor, the employer or an insurer from which an employer purchases a plan, when the insurer acts as the claims administrator.[2]

Here, Keystone wore none of these hats.  It was the entity whose network Anthem borrowed for purposes of determining if the providers were considered in network or out of network providers.  Keystone did not issue a plan; it did not administer the claims; it did not sponsor the plan.  Most importantly, it cannot be liable for any benefits due under or pursuant to the plan.  29 U.S.C. § 1132(d)(2) provides that "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter."

---

[2]  See 29 U.S.C. § 1002.

Plaintiffs' amended complaint seeks recalculation of the benefit, and unpaid benefits.[3]  If plaintiffs had participated in Keystone's network, Keystone would have provided plaintiffs' contracted rates to Anthem, who would have made the payment on that basis.  But as plaintiffs did not participate in Keystone's network, Anthem applied the appropriate out of network rate from its own plan.

Plaintiffs contend that "Defendants represented that the reimbursement amounts paid to Plaintiffs were based upon the local, or Host Plan, meaning, Keystone."[4]  However, Keystone made no such assertion.  Keystone's initial brief details the Blue Card® program, and makes clear that Anthem, and not Keystone, determines and pays the claims.  Most particularly, as Keystone asserted, the following language of the Anthem plan/policy eliminates any doubt that Anthem, although it may borrow Keystone's network, remained firmly in control of all decisions and payments.

> Under the Blue Card® Program, when you receive covered services within the geographic area served by a Host Blue, we will still fulfill our contractual obligations.[5]

---

[3]  Amended complaint at ¶ 86.

[4]  Plaintiffs' Brief at 16.

[5]  Anthem Motion to Dismiss, ECF24-5 at p. 135.

At best, plaintiffs may have some need of discovery from Keystone as to

various documents passed from Keystone to Anthem.  But Keystone's role as an

intermediary of the paperwork, and potentially an entity from which plaintiffs may

seek discovery, does not make Keystone a proper defendant.  Plaintiffs have not

asserted in responding to Keystone's motion to dismiss that Keystone can be liable

for any payments plaintiffs seek.  Most telling is that in responding to Keystone's

motion to dismiss, at which time plaintiffs had the plan document that was

attached to Anthem's motion to dismiss, plaintiffs failed to cite a single plan

provision pursuant to which Keystone could be liable to plaintiffs.  As a result,

plaintiffs' claims against Keystone fail as a matter of law.[6]

## II.     No Claim Is Stated Pursuant to the Women's Health and Cancer Rights Act

Plaintiffs continue to maintain that the Women's Health and Cancer Rights

Act, 29 U.S.C. § 1185b, ("WHCRA"), "prohibits any restrictions or limitations on

the *reimbursement rate* for this type of surgery...."[7]  However, plaintiffs'

conclusion arises only from an improper parsing of the statute.

---

[6] Keystone joins in Anthem's position and arguments regarding its anti-assignment provision.  The plaintiffs have failed to identify any document by which they may assert the rights of HG.  As a result, they lack standing.

[7] Plaintiffs' brief at 19 (emphasis in original).

The full provision is as follows:

(c) **Prohibitions  A group health plan, and a health insurance issuer offering group health insurance coverage in connection with a group health plan, may not—**

(1) deny to a patient eligibility, or continued eligibility, to enroll or to renew coverage under the terms of the plan, solely for the purpose of avoiding the requirements of this section; and

(2) **penalize or otherwise reduce or limit the reimbursement of an attending provider**, or provide incentives (monetary or otherwise) to an attending provider, to induce such provider to provide care to an individual participant or beneficiary in a manner inconsistent with this section.

The sections highlighted are those cited by plaintiffs for their proposition

that a plan may not reduce or limit the provider's charge.  However, they omit the

critical ending of subsection (2).  The phrase "to induce such provider to provide

care to an individual participant or beneficiary in a manner inconsistent with this

section" is applicable to both preceding clauses – to penalize or to provide

incentives.  The amended complaint and plaintiffs' response to the motion does

not allege in any manner that Anthem or Keystone did or attempted to induce

plaintiffs to provide care to an individual participant or beneficiary in a manner

inconsistent with this section.

However, plaintiffs do cite that portion of the statute that governs what

payment plaintiffs were entitled to here -- section(a)(3) -- which provides that

"coverage [for reconstruction] may be subject to annual deductibles and coinsurance provisions as may be deemed appropriate and as are consistent with those established for other benefits under the plan or coverage." This provision counters plaintiffs' claim that providers must be paid their billed rate for the services, and their claim that plans or issuers may not apply out of network rates when the provider does not participate in the plan's network.

The statute is clear. Plans must cover breast reconstruction in relation to a mastectomy, and may not offer incentives or penalize providers in an effort to have providers violate the act. But in all other instances, the level of benefits is dependent upon the plan, which is dependent upon the terms and conditions upon which the employer and the issuer contracted and agreed. Simply stated, there is no federal statute or regulation that imposes any level of reimbursement for services required by the WHCRA, and plaintiffs have not directed the Court to any. As such any claim pursuant to the WHCRA fails as a matter of law.

## III.   Conclusion and Relief Requested

HG had an employer-sponsored health benefits plan/policy issued by Anthem in California. HG had breast reconstruction surgery in Bucks County Pennsylvania at Doylestown Hospital by physicians with offices in Cherry Hill, New Jersey and New York City. If plaintiffs had participated in Keystone's

network of providers, HG would have received the benefit of any agreement

between Keystone and the providers although her plan/policy was issued by

Anthem.  However, plaintiff providers did not participate in Keystone's network.

The plan/policy makes clear that the amount to be paid, when the providers do not

participate in the host plan's network, will be solely determined by Anthem.

Similarly, any payments due the providers are solely the responsibility of Anthem,

which paid the providers pursuant to the plan/policy's provisions for payment of

out of network providers.  As Keystone made no payment decisions, and cannot be

liable for any further payments, it is not a proper party defendant.

As for plaintiffs' claim pursuant to the WHCRA, there is no federal statute

or federal regulation that sets forth the amount that providers of breast

reconstruction services must be paid.  Plaintiffs' claims pursuant to the WHCRA

fail as a matter of law.

Respectfully submitted,

Dugan, Brinkmann, Maginnis and Pace

By:   __/s/ Gerald J. Dugan_____
Gerald J. Dugan, Esquire
Attorney for Defendant,
Keystone Health Plan East, Inc.

-6-

**In the UNITED STATES DISTRICT COURT
for the DISTRICT of NEW JERSEY**

| | | |
|---|---|---|
| PRESTIGE INSTITUTE FOR | : | |
| PLASTIC SURGERY, P.C. | : | |
|    and | : | **CIVIL ACTION** |
| KEITH M. BLECHMAN , M.D., P.C. | : | |
|    on behalf of PATIENT HG | : | NO. 20-CV-00496-KM-ESK |
| *Plaintiffs* | : | |
| v. | : | |
| KEYSTONE HEALTH PLAN EAST | : | |
|    and | : | |
| BLUE CROSS OF CALIFORNIA | : | |
| dba ANTHEM BLUE CROSS | : | |
| *Defendants* | : | |

**CERTIFICATION OF SERVICE**

I, Gerald J. Dugan, Esquire, do hereby certify that a copy of the foregoing was served on all counsel through ECF this 4th day of May 2020, as follows:


TO:   Leslie S. Howard, Esquire         Robert J. Axelrod, Esquire
Cohen Howard LLP                         Axelrod LLP
Suite 200                                   Suite 2800
766 Shrewsbury Avenue          800 Third Avenue
Tinton Falls, NJ  07724          New York, NY    10022


Michael F. Fried, Esquire         Valerie Sirota, Esquire
Axelrod LLP                           Troutman Sanders
354 North Fourth Avenue        875 Third Avenue
Highland Park, NJ  08904       New York, NY 10022


                                  /s/ Gerald J. Dugan
                                  Gerald J. Dugan, Esquire